IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| MICHAEL SELL,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>THE HERTZ CORPORATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING AS MOOT DEFENDANT'S RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT<br><br><br><br>Case No. 2:09-CV-147 TS |

      This matter is before the Court on Defendant's Rule 12(e) Motion for a More Definite Statement.  For the reasons discussed below, the Court will deny the Motion as moot.

      Defendant brings this Motion pursuant to Rules 9(b) and 12(e) of the Federal Rules of Civil Procedure.  Defendant argues that Plaintiff's Fifth Cause of Action—alleging fraud—"identif[ies] the 'what,' but lack[s] the 'who,' the 'when,' the 'where,' and the 'how'" required by Rule 9(b).[1]

---

[1] Docket No. 7 (quoting *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citations omitted)).

Rather than oppose Defendant's Motion, Plaintiff has filed an Amended Complaint. Plaintiff's Amended Complaint removes his cause of action for fraud.[2]  As Defendant's Motion only sought a more definite statement of Plaintiff's fraud claim and that claim has been removed by the Amended Complaint, Defendant's Motion is now moot.

It is therefore

ORDERED that Defendant's Motion for a More Definite Statement (Docket No. 6) is DENIED AS MOOT.

DATED   April 6, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] Docket No. 9.  The Amended Complaint also removes a cause of action for negligent misrepresentation, but that amendment is irrelevant to this Motion.