IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL SELL,<br><br>    Plaintiff,<br><br>vs.<br><br>THE HERTZ CORPORATION,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br><br><br><br><br>Case No. 2:09-CV-147 TS |

This matter is before the Court on Plaintiff's Motion to Remand to State Court. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Plaintiff initially brought this action on February 2, 2009, filing his Complaint in the Third District Court in Salt Lake County, Utah. Plaintiff brought claims for breach of contract, breach of the implied covenant of good faith and fair dealing, a claim under the Utah Labor Code, attorney's fees, fraud, negligent misrepresentation, and promissory estoppel. Plaintiff sought economic losses in the amount of $45,376.50 and Plaintiff's fraud claim sought $150,000 in punitive damages.

1

On February 20, 2009, Defendant removed this matter to this Court based on diversity jurisdiction. Soon after, Defendant filed a Motion for More Definite Statement regarding Plaintiff's fraud claim. Rather than respond to that Motion, Plaintiff filed an Amended Complaint which removed his claims for fraud and intentional misrepresentation and, thus, removed Plaintiff's claim for punitive damages.

Plaintiff then moved to remand this matter to state court. Specifically, Plaintiff argues that by removing its claim for punitive damages, the amount in controversy is less than $75,000, and the Court is divested of jurisdiction. Defendant opposes Plaintiff's Motion.

## II.  DISCUSSION

A civil action is removable if Plaintiff could have originally brought the action in federal court.[1] Defendant removed this action on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a)(1) states that district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, whether they are not dispositive, by the allegations in the notice of removal."[2] Here, Plaintiff's original Complaint clearly sought more than $75,000. Thus, the amount in controversy requirement was met at the time of removal. The question before this Court is whether Plaintiff's Amended Complaint, which in effect reduced the amount in controversy below the $75,000 threshold, deprives this Court of jurisdiction.

---

[1] 28 U.S.C. § 1441(a).

[2] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

The Supreme Court, as far back as 1938, held that "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction."[3] Under *St. Paul* and its progeny, it is well settled that once the district court's diversity jurisdiction attaches at the time of removal, a plaintiff may not subsequently divest the court of jurisdiction and force remand to state court by reducing the amount in controversy.[4]

Here, the Court clearly had diversity jurisdiction at the time of removal. Plaintiff's later amendment which reduced the amount in controversy does not destroy the Court's jurisdiction.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand to State Court (Docket No. 12) is DENIED. The hearing set for October 19, 2009, is STRICKEN.

DATED   September 17, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).

[4] *See* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3702, at 61 & n.48 (3d ed. 1998 & Supp. 2009)  (collecting cases).